IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICO LAMAR BALLARD, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:04-CV-3465-RWS |
| JACQUELYN (JACKIE) | : |
| BARRETT and | : |
| NORMAN GIBSON, | : |
| Fulton County Deputy Sheriff, | : |
| | : |
| Defendant. | : |

<u>ORDER</u>

Presently before the Court for consideration are Defendant Sheriff Jacquelyn Barrett's Motion to Dismiss [17] and Defendant Norman Gibson's Motion to Dismiss [18]. After reviewing the record, the Court enters the following Order.

After conducting a frivolity review of the Complaint, the Court entered an Order [6] on June 15, 2005 allowing certain claims to proceed but, based upon Eleventh Amendment immunity, dismissing official capacity claims against Defendants. In the present Motions, Defendants assert Eleventh Amendment

AO 72A

immunity. Based on the Court's previous Order [6] dismissing such claims as frivolous, the Motions are moot to the extent they raise Eleventh Amendment immunity issues.

## FACTUAL BACKGROUND

"For purposes of a Rule 12(b)(6) motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and its allegations of material facts are taken as true." Breckenridge Creste Apts., Ltd. v. Citicorp Mtg., Inc., 826 F. Supp. 460, 464 (N.D.Ga. 1993). In the Complaint, Plaintiff alleges that he was transferred to the Fulton County Jail on April 24, 2003 to await a hearing. Compl. at ¶ IV(1). He alleges that the portion of the jail in which he was housed consisted "of 6 different dorms and one Fulton County Floor Deputy." Id. at ¶ IV(4). On May 28, 2005, Plaintiff advised Defendant Gibson that he, Plaintiff, had been threatened by other inmates and requested to be moved to another floor of the jail. Id. at ¶ IV(5). Defendant Gibson refused to move Plaintiff. Id. Plaintiff requested a grievance form from Defendant Gibson who refused to provide Plaintiff such a form. Id.

Several hours later Plaintiff was surrounded by other inmates and beaten for 30 to 45 minutes. Id. at IV(7) and (8). No deputy intervened during the

2

AO 72A

attack and the entrance to the dormitory was finally opened and Plaintiff fled. Id. at IV(9). Plaintiff suffered injuries for which he was treated at Grady Hospital. Id. at IV(10). Plaintiff alleges that security cameras were present in the dormitory from which all activities could be observed. Id. at IV(14).

Plaintiff alleges that Barrett knew of ongoing violence in the jail and failed to remedy or stop the violence. Id. at IV(16). Plaintiff alleges that "Fulton County Jail Deputies did not take measures to separate & house Plaintiff according to safty [sic] needs and security risks," and that Barrett "failed to take measures to separate and house Plaintiff according to safety needs and security risks." Id. at IV(3) & (16).

## **DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) empowers the Court to grant a defendant's motion to dismiss when a complaint fails to state a claim upon which relief can be granted. In considering whether to grant or deny such a motion, the Court may look only to the pleadings and any materials attached to the complaint. Fed. R. Civ. P. 10(c), 12(b). In addition, the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. Cooper v. Pate,

378 U.S. 546, 546, 84 S. Ct. 1733, 12 L. Ed. 2d 1030 (1964); Conner v. Tate, 130 F. Supp. 2d 1370, 1373 (N.D. Ga. 2001).  A motion to dismiss should be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); see Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992).  Even so, a court may not accept conclusory allegations or unwarranted factual deductions as true.  Purvis v. City of Orlando, 273 F. Supp. 2d 1321, 1324 (M.D. Fla. 2003).  Nor may a court presume that a plaintiff can prove facts it has not alleged or "accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1983); see also Purvis, 273 F. Supp. 2d at 1324.

**Barrett's Motion to Dismiss**

In her Motion, Barrett argues that Plaintiff's basis for his claim against her is her failure to separate county inmates from state inmates.  Barrett reads the Complaint too narrowly.  A failure to separate county and state inmates is one example Plaintiff uses to illustrate his contention that Barrett failed to adequately address violence in the jail.  His claim is based on a more general allegation of

4

AO 72A

failure to properly classify safety needs and security risks.

Defendant Barrett seeks dismissal of the remaining claims against her based upon qualified immunity. As the Eleventh Circuit explained in Vinyard v. Wilson, 311 F.3d 1340 (11th Cir. 2002), "[q]ualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" 311 F.3d at 1346 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citations omitted). "In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Id. (internal quotations marks and citations omitted). In this case, it is clear that at all times alleged in the complaint, Barrett was acting within her discretionary authority.

"Once a defendant establishes that he was acting within his discretionary

5

AO 72A

authority, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity." Cottone v. Jenne, 326 F.3d 1352, 1358 (11th. Cir. 2003). The qualified immunity analysis consists of a two-step analysis. First, the court addresses the "threshold question" of whether the facts as alleged, viewed in the light most favorable to the plaintiff, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). Only if there is a constitutional violation does the court proceed to the second step to determine whether that right was clearly established. Id.

"A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment. An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk. A plaintiff must also show that the constitutional violation caused his injuries." Marsh v. Butler Co., Ala., 268 F. 3d 1014, 1028 (11th Cir. 2001) (internal citations and quotations omitted).

"Supervisory personnel . . . cannot be held liable under section 1983 for the actions of their subordinates under a theory of *respondeat superior*." Adams v. Poag, 61 F.3d 1537, 1544 (11th Cir. 1995). Liability may be imposed

6

upon supervisors only when there is a causal connection between the official's acts or omissions and the alleged constitutional deprivation. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1192 (11th Cir. 1994). Such a causal connection may be established by evidence that the supervisor personally participated in the alleged constitutional violation, adopted a policy that violated the prisoner's rights, or failed to adopt a policy that would protect the prisoner's rights. Adams, 61 F.3d at 1543.

Plaintiff does not allege any actual participation by Barrett in the alleged conduct that resulted in his injuries. The basis of Plaintiff's claim against Barrett is that, in spite of her knowledge of ongoing violence in the jail, she failed to adopt policies or procedures to separate inmates based on safety needs and security risks. Plaintiff also alleges that he was injured as a result of Barrett's failure to adopt appropriate policies.

A failure to segregate inmates based on their propensity for violence can form the basis of a claim for a violation of a constitutional right. See Marsh v. Butler County, 268 F.3d 1014, 1029 (11th Cir. 2001); Hale v. Tallapoosa County, 50 F.3d 1579, 1581-84 (llth Cir. 1995). However, a failure to segregate alone has not been held to establish a substantial risk of inmate-on-inmate violence. A determination of whether there is a constitutional violation is a fact-

specific inquiry. The allegations in the Complaint lack significant factual basis and are conclusory in nature and thus are not sufficient to sustain a finding that Barrett committed a constitutional violation.

Because the case is before the Court on a motion to dismiss and in light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend his Complaint so as to set out specific facts supporting a claim against Barrett. Plaintiff may file an amended complaint within ten (10) days of the entry of this Order to include specific facts supporting his allegations against Barrett. If Plaintiff fails to file an amended complaint or fails to set forth sufficient facts supporting his allegations, the claims against Defendant Barrett will be dismissed.

**Gibson's Motion to Dismiss**

Unlike his allegations against Barrett, Plaintiff states specific factual allegations against Gibson. As stated above, Plaintiff alleges that he told Gibson that he, Plaintiff, had been threatened by other inmates. Plaintiff asked to be moved to a different dorm, and Gibson refused.

In his Motion to Dismiss, Gibson asserts qualified immunity. The Court finds that Gibson was acting within his discretionary authority at the times

alleged in the Complaint. Because Gibson was subjectively aware of the risk to Plaintiff, the Court finds that his refusal to take any steps to assure Plaintiff's safety constitutes deliberate indifference to a substantial risk of harm to Plaintiff.

Having found a constitutional violation, the Court will address the second part of the qualified immunity analysis: whether the constitutional right was clearly established. A constitutional right is clearly established "only if its contours are 'sufficiently clear that a reasonable official would understand what he is doing violates that right.'" Vaughan v. Cox, 316 F.3d 1210, 1212 (11th Cir. 2003) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). The salient question is whether the state of the law at the time of the alleged violation gave officials "fair warning" that their acts were unconstitutional. Hope v. Pelzer, 536 U.S.730, 740, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); Holmes v. Kucynda, 321 F.3d 1069, 1078 (11th Cir. 2003); see also Vinyard, 311 F.3d at 1350-53 (articulating a tripartite analytical framework for ascertaining whether right at issue was "clearly established").

In answering this question, the Eleventh Circuit has instructed district courts to look to its decisions, those of the United States Supreme Court, and those of the highest court in the relevant state. Marsh v. Butler County, 268 F.3d 1014, 1033 n.10 (11th Cir. 2001); but cf. Grayden v. Rhodes, 345 F.3d

9

1225, 1251 n.4 (11th Cir. 2003) (recognizing that decisions by the United States Supreme Court have suggested that looking to decisions of other Circuits is appropriate in qualified immunity analysis) (Birch, J., concurring in part and dissenting in part).  Qualified immunity is a question of law for the court.  Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993).

In Cottone v. Jenne, 326 F.3d 1352, 1359 (11th Cir. 2003), the Eleventh Circuit found, under facts similar to those in the present case, that "a lack of monitoring and supervision of known violent inmates, which led to inmate-on-inmate violence, constituted impermissible unconstitutional conduct."  In Cottone, an inmate was killed by a co-inmate who "had a history of violent outbursts and mental instability and was in the midst of a violent schizophrenic outrage."  Id. at 1358.  In response, the defendants failed to monitor the inmates.  Id. at 1358-59.  Citing LaMarca v. Turner, 995 F.2d 1526 (11th Cir. 1993) and Hale v. Tallapoosa County, 50 F.3d 1579 (llth Cir. 1995), the Court held "that prior factually similar case law gave fair and clear warning to [defendants] that it was their duty to monitor and to supervise known violent inmates who posed a substantial risk of serious harm to other inmates."  Id. at 1360.

In the present case, Plaintiff alleges that he was placed with violent

inmates who threatened him.  He alleges that he made these threats known to Gibson.  Gibson took no steps to protect Plaintiff after being informed of the threats against Plaintiff.  In light of the foregoing cases, the Court concludes that a reasonable officer in Gibson's position would have understood that what he was doing violated a constitutional right.  Therefore, Gibson is not entitled to qualified immunity.

## **CONCLUSION**

Based on the foregoing, Defendant Norman Gibson's Motion to Dismiss [18] is **DENIED**.  Ruling on Defendant Sheriff Jacquelyn Barrett's Motion to Dismiss [17] is **RESERVED** so as to allow Plaintiff ten (10) days within which to amend his Complaint.  The Clerk shall submit the case to the Court ten (10) days after entry of this Order.

SO ORDERED, this   19th   day of October, 2005.


/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A